**UNITED STATES of America, Plaintiff,**

v.

**Larnel Webb LOFTON, Defendant.**

**No. CR89–57R.**

United States District Court,
W.D. Washington,
at Seattle.

July 28, 1989.

Paula Boggs, Asst. U.S. Atty., Seattle, Wash., for plaintiff.

Joe Schlesinger, Federal Public Defender, Seattle, Wash., for defendant.

## ORDER RE: APPLICABILITY OF 18 U.S.C. § 3147

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on the government's request for the court to apply the sentence enhancement of 18 U.S.C. § 3147. Having reviewed the government's and defendant's sentencing memoranda, and being fully advised, the court finds and rules as follows:

During 1988, defendant Larnel Lofton devised and implemented a scheme to defraud Western Union Telegraph Company through the use of "will-call" money orders. On January 6, 1989, agents of the Federal Bureau of Investigation arrested Lofton. On February 7, 1989, after appearing before a U.S. Magistrate, Lofton was released under pre-trial services supervision to the Conquest Center in Edmonds, Washington as a condition of bail. Two days later, Lofton left the Conquest Center without authorization. Lofton was then rearrested and detained pending further proceedings.

On April 27, 1989, the government filed a two count indictment, charging Lofton with (1) mail fraud in violation of 18 U.S.C. § 1343, and (2) failure to appear in violation of 18 U.S.C. § 3146. On April 28, 1989, Lofton entered a plea of guilty as to both counts of the indictment. Lofton is now before this court for sentencing.

The government contends that, based on Lofton's conviction for failing to appear, the court is required by Section 3147 to impose an additional concurrent term of imprisonment upon Lofton. Lofton contests the government's interpretation of the statute, arguing that this enhancement provision does not apply to his conviction for failing to appear. The court is persuaded by Lofton's position.

Pursuant to Section 3147:

A person convicted of an offense while released pursuant to this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

(1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony; or

(2) a term of imprisonment of not less than ninety days and not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment.

Evaluating the nature of Section 3147, the Ninth Circuit concluded that it does not create an independent criminal offense, but rather is a sentence enhancement statute. *See United States v. Patterson,* 820 F.2d 1524 (9th Cir.1987).

While the precise question presented at this time is one of first impression, one court recently confronted an analytically similar problem. In *United States v. Jones,* No. SSS 85 Cr. 1075–CSH, 1986 WL 12711 (S.D.N.Y. November 6, 1986) (LEXIS, Genfed library, Dist file), the government argued that Section 3147 should be applied to a defendant convicted of contempt of court, 18 U.S.C. § 3148 (cross-referencing 18 U.S.C. § 401), for violating the travel restrictions of his pretrial release order. The court rejected the government's argument, concluding that the rules of statutory construction announced in *Busic v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980), precluded the government's interpretation of the statute. First, relying on the principle that a more specific statute should

be given precedence over a more general one, the court held that defendant's conduct was covered by the specific provisions of Section 3148, and not the general enhancement provision of Section 3147. *See Jones* at 4.[1] Second, after concluding that the relationship of the two statutes to Jones' conduct was ambiguous, the court noted that the rule of lenity foreclosed application of the enhancement provision. *See id.*

As in *Jones*, this court will not apply the enhancement provision of Section 3147. As the more specific statute, Section 3146 must be given precedence over Section 3147. *See, e.g., Busic,* 446 U.S. at 406, 100 S.Ct. at 1753; *Preiser v. Rodriguez,* 411 U.S. U.S. 475, 489–90, 93 S.Ct. 1827, 1836–37, 36 L.Ed.2d 439 (1973).

Moreover, the Supreme Court has consistently expressed its "reluctance to increase or multiply punishments absent a clear and definite legislative directive." *Busic,* 446 U.S. at 406–07, 100 S.Ct. at 1753 (quoting *Simpson v. United States,* 435 U.S. 6, 15–16, 98 S.Ct. 909, 914–15, 55 L.Ed.2d 70 (1978)). Contrary to the government's claim, the applicability of Section 3147 to Lofton's conviction for failing to appear is ambiguous. The text of the statute fails to address the issue pertinent to decision of this case—whether Congress intended (1) to enhance penalties for all crimes committed on bail, or (2) to enhance penalties only for the commission of separate and distinct crimes not related to the terms and conditions of release. *See id.,* 446 U.S. at 407, 100 S.Ct. at 1753.[2] Therefore, the rule of lenity forecloses the imposition of an additional sentence on Lofton. *See, e.g., United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971).

1. In reaching this decision, the court also noted that section 3147 "applies only to individuals who commit a subsequent, separate and distinct offense, not related to the specific terms and conditions of release on bail." *Id.*

2. Had Congress intended the enhancement provision to cover all crimes committed on bail, it could have enacted a statute that contained the desired language. For example, modeling the

NOW, THEREFORE, the court DENIES the government's request to apply 18 U.S.C. § 3147.

language in the enhancement provision of 18 U.S.C. § 924(c), Section 3147 could have stated: "A person convicted of an offense committed while released under this chapter (including an offense involving the violation of a condition of release) shall be sentenced, in addition to the sentence prescribed for the offense to [an additional term of imprisonment]."