**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael BENSON, Defendant–Appellant.**

No. 96–5325.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 20, 1997.

Decided Jan. 21, 1998.

Jennifer L. Webber, Asst. U.S. Attorney (briefed), Office of the U.S. Attorney, Memphis, TN, for Plaintiff–Appellee.

Gary W. Lanker (briefed), Memphis, TN, for Defendant–Appellant.

Before: NELSON, BOGGS, and SILER, Circuit Judges.

SILER, J., delivered the opinion of the court, in which BOGGS, J., joined. DAVID A. NELSON, J. (pp. —— – ——), delivered a separate dissenting opinion.

SILER, Circuit Judge.

Defendant Michael Benson has appealed the district court's application of 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7 to his sentence for failing to appear pursuant to 18 U.S.C. § 3146, which resulted in a three-level increase to his offense level. For the reasons stated herein, we **AFFIRM**.

**I**

Benson was indicted on charges of mail theft in violation of 18 U.S.C. § 1708. He was arrested in January 1994 and released on a $20,000 unsecured bond. After he failed to appear on May 4, 1994, he was subsequently indicted for failure to appear pursuant to 18 U.S.C. § 3146.

A jury trial was held on the mail theft and failure to appear charges in 1995. The district court dismissed the theft charges under Fed.R.Crim.P. 29. The jury returned a guilty verdict on the charge of failing to appear.

At sentencing, the district court determined that Benson's base offense level was twelve. After application of 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7, which provide for a three-level increase to a defendant's offense level for committing an offense while released pending trial, Benson's offense level rose to fifteen. Accordingly, given Benson's criminal history of III, the guideline impris-

onment range was twenty-four to thirty months. Benson objected to the three-level increase, but the district court overruled the objection and sentenced Benson to twenty-four months' imprisonment. If the three-level enhancement had not been added to the offense level, the guideline range would have been fifteen to twenty-one months' imprisonment.

## II

■ Our review of sentences imposed pursuant to the guidelines is generally governed by 18 U.S.C. § 3742. *See United States v. Morrison,* 983 F.2d 730, 731 (6th Cir.1993). Under § 3742, we review de novo a sentencing court's interpretation of the guidelines. *United States v. Watkins,* 994 F.2d 1192, 1195 (6th Cir.1993).

Upon defendant's conviction for failure to appear under 18 U.S.C. § 3146, the district court then turned to 18 U.S.C. § 3147, which provides:

A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

(1) a term of imprisonment of not more than ten years if the offense is a felony; or

(2) a term of imprisonment of not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

The court then applied U.S.S.G. § 2J1.7, which was promulgated to effectuate the mandate of 18 U.S.C. § 3147. This section provides: "If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release." Combining these two provisions, the court determined that a three-level enhancement to Benson's offense level was appropriate.

■ Benson argues that 18 U.S.C. § 3147 should not apply in this case. In essence, he claims that failing to appear is not the type of crime envisioned by Congress when it drafted this section. For support of this position he cites *United States v. Lofton,* 716 F.Supp. 483 (W.D.Wash.1989), which is factually similar to the present case. In *Lofton,* the district court refused to apply 18 U.S.C. § 3147 to a violation of 18 U.S.C. § 3146. The court noted three reasons: (1) Congress could not have intended for both 18 U.S.C. § 3146 and 18 U.S.C. § 3147 to apply; (2) 18 U.S.C. § 3146 is the more "specific" statute and the relationship between the two sections is ambiguous; and (3) the rule of lenity foreclosed the imposition of an enhancement. *Lofton,* 716 F.Supp. at 485.

We have not previously addressed this precise issue; however, we shall utilize basic rules of statutory construction in determining the applicability of this provision. "While, as a general proposition, criminal statutes are to be strictly construed in favor of the defendant, we decline to apply the principle where 'the (legislative) history is unambiguous and the text consistent with it.'" *United States v. Ilacqua,* 562 F.2d 399, 401 (6th Cir.1977)(quoting *Scarborough v. United States,* 431 U.S. 563, 577, 97 S.Ct. 1963, 1970, 52 L.Ed.2d 582 (1977)). Additionally, we should not go to extreme lengths to characterize criminal statutes as ambiguous when they can be read as relatively well-defined. Where there is no ambiguity in the words, there is no room for construction. *See United States v. Wiltberger,* 5 Wheat. 76, 18 U.S. 76, 95, 5 L.Ed. 37 (1820).

Section 3147 is not ambiguous, as it clearly states that it applies to "a person convicted of an offense committed while under release under this chapter [207]...." Benson was convicted of a violation of 18 U.S.C. § 3146, an offense under chapter 207 of Title 18. Thus, the district court did not err in applying 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7 to Benson. *See also United States v. Lewis,* 991 F.2d 322, 324 (6th Cir.1993)(Rejecting an argument that the statute contained a notice requirement, we said: "Section 3147 clearly and unambiguously mandates that the courts impose additional consecutive sentences on persons convicted of crimes they commit while released on bond."). If Congress finds

this result unpalatable, it is within its power to rewrite the existing statute.

**AFFIRMED.**

DAVID A. NELSON, Circuit Judge, dissenting.

Under the literal language of 18 U.S.C. §§ 3146 and 3147, as the district court pointed out at the sentencing hearing in this case, "the effect of what happens, if you apply both of the statutes, is that the defendant gets punished for failure to appear and then he gets punished again for failure to appear." The district judge repeatedly said that he did not think this was what Congress had intended. In his view, § 3146 "was intended to encompass all the punishment" for the offense of failure to appear. In effect, however, the district judge concluded that multiple punishments were required under the plain language of the statutes.

I am aware of nothing in the legislative history suggesting that Congress intended to impose multiple punishments in a case such as this, and I do not read the statutory language as clearly manifesting such an intent. For one thing, the reading adopted by the district court would be problematic in light of the Double Jeopardy Clause of the Fifth Amendment—a clause that "protects not only against a second trial for the same offense, but also 'against multiple punishments for the same offense.'" *Whalen v. United States*, 445 U.S. 684, 688, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

Like any case presenting a possible constitutional problem, a case that raises the prospect of double jeopardy ought to be decided on other than constitutional grounds if possible. *Simpson v. United States*, 435 U.S. 6, 11–12, 98 S.Ct. 909, 912–913, 55 L.Ed.2d 70 (1978). The problem in *Simpson* was that the plain language of 18 U.S.C. § 2113(d) prescribed an enhanced penalty for bank robbery where the robbery was committed by use of a dangerous weapon, while the plain language of 18 U.S.C. § 924(c) prescribed an enhanced penalty for use of a firearm to commit a felony of any kind. *Id.* at 7–8, 98 S.Ct. at 910–911. Holding both

statutes applicable to the *Simpson* defendants, the Court of Appeals for the Sixth Circuit affirmed the imposition of an increased penalty under § 2113(d) and the imposition of an additional consecutive penalty under § 924(c). *Id.* at 8–9, 98 S.Ct. at 910–911 The Supreme Court reversed the Sixth Circuit decision, using several tools of statutory construction to conclude that Congress had simply not authorized the additional penalty of § 924(c) for an offense already subject to enhanced punishment under § 2113(d). *Id.* at 12–13, 98 S.Ct. at 913.

Among the tools of statutory construction employed by the Supreme Court in *Simpson* was "the principle that gives precedence to the terms of the more specific statute where a general statute and a specific statute speak to the same concern...." *Id.* at 15, 98 S.Ct. at 914, citing *inter al., Preiser v. Rodriguez,* 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836–37, 36 L.Ed.2d 439 (1973). This principle, the Court continued,

> "has special cogency where a court is called upon to determine the extent of the punishment to which a criminal defendant is subject for his transgressions. In this context, the principle is a corollary of the rule of lenity, an outgrowth of our reluctance to increase or multiply punishments absent a clear and definite legislative directive." *Simpson,* 435 U.S. at 15–16, 98 S.Ct. at 914.

If the Supreme Court could not find a "clear and definite legislative directive" to impose multiple punishments in the *Simpson* situation, I am not sure I see how it could be expected to find such a directive in the situation presented here. The logic of *Simpson*—and of *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), which followed *Simpson*—suggests to me that when Congress enacted a specific statute criminalizing failure to appear and prescribing a specific punishment therefore, Congress should be presumed to have intended the specific statute to take precedence over the general statute that prescribes an enhanced punishment for offenses committed while on re-

lease.[1]

In *United States v. Lofton,* 716 F.Supp. 483 (W.D.Wash.1989)—a case which, as the majority opinion notes, is factually similar to the present case—the court relied on *Busic* and its progenitors in concluding that "[a]s the more specific statute, Section 3146 must be given precedence over Section 3147." *Lofton,* 716 F.Supp. at 485. This reliance on *Busic* and similar cases was appropriate, in my view, and I see nothing in *United States v. Lewis,* 991 F.2d 322 (6th Cir.1993), that would compel a contrary conclusion.

U.S.S.G. § 2J1.7 mandates a three-level increase in the defendant's offense level if an enhancement under 18 U.S.C. § 3147 applies, but not otherwise. Because I do not believe that § 3147 applies in this case, I think the district court erred in using an increased offense level to calculate Mr. Benson's sentencing guideline range. I would therefore vacate the 24–month sentence imposed under the elevated range, and I would remand the case for imposition of a sentence within the range (15–21 months) prescribed for a violation of § 3146 *simpliciter.*

---

1. Subsequent to the decisions in *Simpson* and *Busic,* Congress amended § 924(c) to make the section applicable to federal crimes that already include enhanced penalties for the use of weapons. See *U.S. v. Moore,* 917 F.2d 215, 228–230 (6th Cir.1990), *cert. denied,* 499 U.S. 963, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991). The amendment does not detract from the logic of *Simpson* and *Busic* as it relates to other statutes. The amendment merely shows that when it wishes to do so, Congress is capable of finding language to make a more general statute applicable in addition to a more specific one.