*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0035P (6th Cir.)
File Name: 00a0035p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 98-5447

DAVID W. LANIER,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 97-20223—Jerome Turner, District Judge.

Argued: September 15, 1999

Decided and Filed: January 24, 2000

Before: SUHRHEINRICH, COLE, and GIBSON,[*] Circuit
Judges.

---

[*]The Honorable John R. Gibson, Circuit Judge of the United States
Court of Appeals for the Eighth Circuit, sitting by designation.

1

---

**COUNSEL**

**ARGUED:** Stephen B. Shankman, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Stephen C. Parker, OFFICE OF THE U.S. ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Stephen B. Shankman, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Stephen C. Parker, OFFICE OF THE U.S. ATTORNEY, Memphis, Tennessee, for Appellee. David W. Lanier, Lexington, Kentucky, pro se.

---

**OPINION**

---

R. GUY COLE, JR., Circuit Judge. In December 1997, David W. Lanier entered a plea of guilty to one count of failure to appear, in violation of 18 U.S.C. § 3146. The district court sentenced him to twelve months' imprisonment, applying a three-level enhancement to his sentence pursuant to U.S.S.G. § 2J1.7, which applies to a defendant who commits an offense while on release. Lanier appeals the application of the enhancement, arguing that it constitutes impermissible double counting. In pro se briefing, Lanier also attacks his conviction, arguing that the en banc court lacked jurisdiction to vacate this court's earlier release order because two senior judges impermissibly served on the en banc court. Lanier thus contends that because we lacked authority to vacate his release order, he could not have been guilty of the offense of failure to appear. For the reasons that follow, we **AFFIRM** Lanier's conviction and sentence.

part of the en banc court considering the motion." *United States v. Lanier,* 120 F.3d 640, 644 (6th Cir. 1997) (en banc) (Boggs, J., concurring). Accordingly, this matter has been settled and we thus adhere to our original ruling: the en banc panel that vacated Lanier's release order had jurisdiction to do so.

**IV.**

For the foregoing reasons, we **AFFIRM** Lanier's conviction and sentence.

Here, the indictment charged that Lanier:

having been directed by the United States Court of Appeals, Sixth Circuit to surrender to the United States Marshal at Memphis, Tennessee in the Western District of Tennessee, did knowingly and wilfully fail to surrender for service of sentence as ordered by the Court, in violation of Title 18, United States Code, Section 1346(a)(2).[5]

(footnote added). Considering the above language, Lanier has no argument that the indictment failed to set forth the elements of the charged offense or that he lacked notice of the charge he faced. Lanier was fully cognizant that he was charged with the failure to appear as directed and entered a knowing and voluntary plea of guilty to that offense. In fact, it is undisputed that Lanier deliberately defied a court order. Accordingly, to any extent that Lanier is arguing that his indictment was insufficient, that argument fails. Because Lanier's argument regarding the composition of the en banc court that vacated his release order was not a jurisdictional challenge to his voluntary guilty plea in the district court for failure to appear, he has waived that argument and it is not viable on appeal.

Even if we were to reach the merits of Lanier's argument, the two senior judges who served, Judge Keith and Judge Jones, did so appropriately. Judge Keith was a member of the original panel that heard Lanier's appeal and, therefore, as counsel for Lanier conceded at oral argument, properly served on the en banc court. *See* 28 U.S.C. § 46(c)(1). As for Judge Jones, "[a] majority of the judges in regular active service [in this circuit] voted that the correct interpretation of the various applicable statutes, rules of appellate procedure, and local rules of our circuit indicated that [Judge Jones] should be a

---

[5]The indictment contained a typographical error in that it referred to the statute as 18 U.S.C. § 1346 rather than 18 U.S.C. § 3146. This type of typographical error does not render the indictment insufficient. *See United States v. Lake*, 985 F.2d 265, 271 (6th Cir. 1993).

**I.**

Lanier was formerly the sole state Chancery Court judge for two counties in rural Tennessee. Between 1989 and 1991, while still a judge, Lanier sexually assaulted several women in his judicial chambers. After the women reported the assaults, Lanier was charged with violating 18 U.S.C. § 242, which prohibits a person acting under color of state law from violating the rights and privileges secured by the Constitution and laws of the United States, including the right to be free from willful sexual assault. Following a jury trial, Lanier was convicted and sentenced to a term of imprisonment of 300 months.

On appeal, a panel of this court affirmed his conviction and sentence, *see United States v. Lanier*, 33 F.3d 639 (6th Cir. 1994), but the full court vacated the decision and granted rehearing en banc, *see United States v. Lanier*, 43 F.3d 1033 (6th Cir. 1995). During the en banc proceedings, we released Lanier on his own recognizance and set aside his conviction for "lack of any notice to the public that this ambiguous criminal statute [§ 242] includes simple or sexual assault crimes within its coverage." *United States v. Lanier*, 73 F.3d 1380, 1384 (6th Cir. 1996) (en banc). The government successfully petitioned the United States Supreme Court for a writ of certiorari. *See United States v. Lanier,* 518 U.S. 1004 (1996).

The Supreme Court vacated this court's en banc judgment and remanded the case to us. *See United States v. Lanier*, 520 U.S. 259 (1997). The Court held that we committed error by holding that due process under § 242 requires more than the "clearly established" qualified immunity test pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Lanier*, 520 U.S. at 269-70. On remand, before reconsidering the merits of Lanier's original appeal, this court, sitting en banc, entered an order requiring Lanier to surrender to the United States Marshal for the Western District of Tennessee by August 22, 1997. *See*

*United States v. Lanier*, 120 F.3d 640 (6th Cir. 1997) (en banc).

At that time, Lanier was living in San Diego. Lanier's daughter received the order and faxed a copy to Lanier's nephew, Tommy Mills, who lived near San Diego in El Centro, California. Lanier's daughter also personally informed Lanier that he had been ordered to surrender. Mills gave the copy of the order to Lanier; however, rather than preparing to surrender, Lanier fled to Mexico. Mills asked one of his employees to bring Lanier back to the San Diego area, but the employee and Lanier instead went to Tijuana, Mexico, where they visited topless clubs for several hours. They then traveled to Ensenada, Mexico, where Lanier remained, thereby failing to surrender by August 22, 1997, as ordered. After Lanier's failure to appear, this court, sitting en banc, dismissed Lanier's pending appeal of his underlying conviction. *See United States v. Lanier*, 123 F.3d 945 (6th Cir. 1997) (en banc).

In late August 1997, United States deputy marshals discovered Lanier's apartment in San Diego and determined that he was using an alias: Aubrey Lane Thompson. The investigation eventually led the deputy marshals to Ideal Studios, located in Chicago, Illinois. Ideal Studios advertised the sale of fake identity documents and kits in several national publications, such as the National Enquirer. The owner of the company remembered an order from Aubrey Lane Thompson, which was shipped to Ensenada. The deputy marshals notified Mexican authorities, who were present on October 13, 1997 when Lanier picked up the Ideal Studios package at the Ensenada post office. The Mexican authorities then arrested and deported Lanier.

Upon his return to the United States, Lanier gave a statement to Deputy Marshal Tommy Thompson admitting that he intentionally failed to appear although he knew he had been ordered to surrender. He also admitted that he established the alias of Aubrey Lane Thompson and resided in Mexico for the purpose of eluding capture.

fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. at 267. Accordingly, a defendant waives "all subsequent non-jurisdictional appeals to his conviction by pleading guilty." *United States v. Pickett,* 941 F.2d 411, 416 (1991) (citation omitted). Thus, Lanier has waived his challenge to his conviction for failure to appear unless he can show that his challenge is jurisdictional in nature.

Lanier does not contest the jurisdiction of the district court in which he was convicted of failure to appear; rather, Lanier alleges that *this* court lacked jurisdiction to vacate his release order because the composition of the en banc court was improper. In effect, Lanier is arguing that our alleged lack of jurisdiction to vacate his release order caused a corresponding lack of jurisdiction in the district court. This argument fails.

More specifically, Lanier appears to contend that his indictment for failure to appear was insufficient, based upon our alleged lack of jurisdiction to vacate his release order. An argument that an indictment was insufficient would be viable on appeal, because the sufficiency of an indictment is a jurisdictional challenge. *See United States v. Vanover,* 888 F.2d 1117, 1120 (6th Cir. 1989) (stating that defendant does not waive right to challenge sufficiency of the indictment by pleading guilty). Here, however, Lanier cannot show that his indictment was insufficient.

Fed. R. Crim. P. 7(c)(1) provides, in part, that "[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." In addition, the Supreme Court held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117 (1974).

### III.

Lanier further argues, pro se, that the en banc court lacked jurisdiction to vacate this court's earlier release order because two senior judges – Judge Keith and Judge Jones – impermissibly served on the en banc court, in violation of 28 U.S.C. § 46(c).[4]  Lanier contends that because his release order was erroneously vacated, he could not have been convicted for failure to appear and, thus, his conviction for that offense is a nullity.  Lanier further contends that this court should reinstate the direct appeal of his conviction for violating 18 U.S.C. § 242.  We disagree.

Lanier's argument challenging the composition of our en banc court is essentially a challenge to his conviction for failure to appear, a conviction that occurred as a result of a guilty plea.  Thus, we must first determine whether Lanier has waived his argument by his plea of guilty.  *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973).  "A voluntary and intelligent guilty plea usually forecloses later attempts to challenge the resulting judgment; the plea serves not only to admit the conduct charged in the indictment[,] but also to concede guilt of the substantive crime."  *In re Hanserd,* 123 F.3d 922, 926 (6th Cir. 1997) (citing *United States v. Broce,* 488 U.S. 563, 570 (1989)).  Or, as stated in *Tollett,* "a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in

---

[4]Title 28 U.S.C. 46(c) provides in part that:

A court in banc shall consist of all circuit judges of the circuit who are in regular active service . . . except that any senior circuit judge of the circuit shall be eligible (1) to participate, at his election and upon designation and assignment pursuant to section 294(c) of this title and the rules of the circuit, as a member of an in banc court reviewing a decision of a panel of which such judge was a member, or (2) to continue to participate in the decision of a case or controversy that was heard or reheard by the court in banc at a time when such judge was in regular active service.

A federal grand jury handed down a one-count indictment charging Lanier with failure to appear, in violation of 18 U.S.C. § 3146.[1]  On December 30, 1997, Lanier entered a plea of guilty to the offense charged in the indictment.  A plea colloquy was held and the district court accepted Lanier's plea.  On March 6, 1998, the district court sentenced Lanier, finding that Lanier's offenses warranted a sentencing enhancement pursuant to 18 U.S.C. § 3147[2] and U.S.S.G.

---

[1]Title 18 U.S.C. § 3146. Penalty for failure to appear

(a) Offense. – Whoever, having been released under this chapter knowingly –
   (1) fails to appear before a court as required by the conditions of release; or
   (2) fails to surrender for service of sentence pursuant to a court order; shall be punished as provided in subsection (b) of this section.

(b) Punishment. – (1) The punishment for an offense under this section is –
   (A) if the person was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or certiorari after conviction for –
     (i)  an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more, a fine under this title or imprisonment for not more than ten years, or both;
     (ii) an offense punishable by imprisonment for a term of five years or more, a fine under this title or imprisonment for not more than five years, or both;
     (iii) any other felony, a fine under this title or imprisonment for not more than two years, or both;
     . . .

   (2) A term of imprisonment imposed under this section shall be consecutive to the sentence of imprisonment for any other offense.

[2]Title 18 U.S.C. § 3147. Penalty for an offense committed while on release

A person convicted of an offense committed while released

2J1.7,[3] which provide for a three-level increase to a defendant's offense level for committing an offense while on release pending trial, sentencing, or appeal. The district court imposed the minimum guideline sentence of twelve months, designating nine months as punishment for violating § 3146 and three months attributable to § 3147, to run consecutive to Lanier's existing sentence for his violation of 18 U.S.C. § 242. Lanier filed a timely notice of appeal.

## II.

Lanier first argues that the district court erred by applying 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7 to enhance his base offense level. Lanier contends that the three-level enhancement set forth in these sections – applicable when an offense is committed while a defendant is on release – should not apply when the offense of conviction is failure to appear, an offense that is *necessarily* committed while on release. Lanier asserts that the enhancement constitutes impermissible double counting in these circumstances. We review de novo a sentencing court's interpretation of the guidelines. *See United States v. Benson*, 134 F.3d 787, 788 (6th Cir.), *cert. denied*, 119 S. Ct. 343 (1998).

---

under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to –

(1) a term of imprisonment of not more than ten years if the offense is a felony; or
(2) a term of imprisonment of not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

[3]U.S.S.G. § 2J1.7. Commission of Offense While on Release

If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release.

In raising this argument, Lanier acknowledges that in *Benson*, this court faced the precise issue he now raises. *See* 134 F.3d at 787-88. Defendant Benson was indicted and arrested on charges of mail theft and released on a $20,000 unsecured bond. *See id.* at 787. After he failed to appear for a court appearance, he was indicted for failure to appear in violation of 18 U.S.C. § 3146. *See id.* At sentencing, the district court applied 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7 to enhance Benson's base offense level. *See id.* Benson appealed to this court.

We affirmed Benson's sentence, applying the rules of statutory construction to conclude that 18 U.S.C. § 3147 is not ambiguous and applies to "[a] person convicted of an offense committed while released under this chapter. . . ." *Id.* at 788. Because Benson was convicted of an offense – failure to appear – the § 3147 enhancement applied. *See id.* We stated that "[s]ection 3147 clearly and unambiguously mandates that the courts impose additional consecutive sentences on persons convicted of crimes they commit while released. . . . If Congress finds this result unpalatable, it is within its power to rewrite the existing statute." *Id.* at 788-89 (quotation and citation omitted). Dissenting from the majority opinion, however, Judge Nelson opined that the application of the sentencing enhancement for the offense of failure to appear constituted multiple punishments for the same crime. *See id.* at 789 (Nelson, J., dissenting). Judge Nelson noted that he was "aware of nothing in the legislative history suggesting that Congress intended to impose multiple punishments in a case such as this, and I do not read the statutory language as clearly manifesting such an intent." *Id.*

Even if we were persuaded by Lanier's argument and Judge Nelson's rationale, we are bound by the *Benson* decision. It is firmly established that one panel of this court cannot overturn a decision of another panel; only the court sitting en banc can overturn such a decision. *See United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996). Accordingly, following *Benson,* we reject Lanier's argument and affirm the district court's enhancement of his sentence.