**UNITED STATES of America,**

v.

**Danny TAVARES, Defendant.**

**No. 88 Cr 903.**

United States District Court,
S.D. New York.

Oct. 11, 2001.

Goldstein, Weinstein & Fuld, Bronx, NY, for defendant, of counsel, David J. Goldstein.

## Memorandum and Order

STANTON, District Judge.

On June 26, 2001, Danny Tavares pleaded guilty to a single count charging that while released on bail, he failed to appear in court when required. Such failure to appear, when required by one's conditions of release, violates 18 U.S.C. § 3146(a) (hereinafter "3146"). Mr. Tavares had failed to appear for a pretrial conference held in connection with his prosecution for alleged conspiracy to distribute and possess with intent to distribute cocaine, and distribution and possession with intent to distribute cocaine. He was a fugitive from November 23, 1987, until his arrest on March 28, 2001.

The parties have agreed to dismiss the underlying drug offense charges, so Mr. Tavares now faces sentencing under 3146 for the single charge of failure to appear as required by his bail conditions.

Under the applicable Guideline calculation, Mr. Tavares' sentence range is 12 to 18 months for his violation of section 3146. However, the next section of 18 U.S.Code, section 3147 (hereinafter "3147") enhances the penalties for offenses "committed while released" in a way which would increase his sentence range to 18 to 24 months. The issue is whether 3147's additional punishment should be applied to one who committed no offense while released except the failure to appear, for which 3146 provides its own penalties, which are themselves enhanced by the requirement that a term of imprisonment under 3146 be served consecutively to time imposed for any other offense.

### The Statutes

Sections 3146 and 3147 were enacted as part of the Bail Reform Act of 1984. Section 3146 provides in relevant part:

§ **3146 Penalty for failure to appear**

(a) **Offense.**—Whoever, having been released under this chapter knowingly—

(1) fails to appear before a court as required by the conditions of release;

. . .

shall be punished as provided in subsection (b) of this section.

(b) **Punishment.**—(1) The punishment for an offense under this section is—

(A) if the person was released in connection with a charge of, . . .—

(i) an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more, a fine under this title or imprisonment for not more than ten years, or both;

(ii) an offense punishable by imprisonment for a term of five years or more, a fine under this title or imprisonment for not more than five years, or both;

(iii) any other felony, a fine under this title or imprisonment for not more than two years, or both; and

**(iv)** a misdemeanor, a fine under this title or imprisonment for not more than one year, or both; and

**(B)** if the person was released for appearance as a material witness, a fine under this chapter or imprisonment for not more than one year, or both.

**(2)** A term of imprisonment imposed under this section shall be consecutive to the sentence of imprisonment for any other offense.

18 U.S.C. § 3146.

Section 3147 provides:

### § 3147 Penalty for an offense committed while on release

A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

**(1)** a term of imprisonment of not more than ten years if the offense is a felony; or

**(2)** a term of imprisonment of not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147.

### Guideline Calculation

The Guideline computation applicable to Mr. Tavares starts with base offense level 6 (for the violation of 3146), increased by nine levels because the underlying drug offenses were punishable by imprisonment for a term of 15 years or more, and then (if the government prevails) increased by a further three levels [1] because the failure to appear was committed while the defendant was released on bail. These total 18. From that, three levels are deducted for Mr. Tavares' plea of guilty, and the resulting offense level 15 produces a sentencing range of 18 to 24 months.

Mr. Tavares argues that the three-level enhancement for failure to appear while out on bail punishes for conduct already fully accounted for by 3146 itself, and is thus an illegal "double counting." He argues that his total offense level is 15, from which two levels are subtracted for his guilty plea, resulting in an offense level of 13 and a sentencing range of 12 to 18 months.

### The Authorities

In *United States v. Benson*, 134 F.3d 787 (6th Cir.), *cert. denied*, 525 U.S. 932, 119 S.Ct. 343, 142 L.Ed.2d 282 (1998), the court applied 3147 literally, and affirmed the imposition of its three-level enhancement to a sentence for failure to appear while on bail under 3146. It reasoned that 3147 is unambiguous, as it clearly states that it applies to a person who committed an offense while under release, and the failure to appear while under release is such an offense. *See* 134 F.3d at 788. In so doing, that court recognized that *United States v. Lofton*, 716 F.Supp. 483 (W.D.Wash.1989) had held to the contrary (see below), and Circuit Judge Nelson dissented, quoting with approval the district judge's statement that "the effect of what happens, if you apply both of the statutes, is that the defendant gets punished for failure to appear and then gets punished again for failure to appear." *Benson*, 134 F.3d at 789 (Nelson, J., dissenting). *Benson* was followed by the Sixth Circuit in

---

**1.** Sentencing Guideline U.S.S.G. § 2J1.7 applies § 3147 to the sentence calculation by adding three levels to the offense level:

If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release. It is that addition of three levels to which Tavares objects as double counting.

*United States v. Lanier*, 201 F.3d 842, 846 (6th Cir.2000) ("Even if we were persuaded by Lanier's argument and Judge Nelson's rationale we are bound by the *Benson* decision ... one panel of this court cannot overturn a decision of another panel.").

District courts in *Lofton, supra,* and *United States v. Jones,* 1986 WL 12711 (S.D.N.Y. Nov.6, 1986) (Haight, J.), considering the issue as of first impression, had earlier held that the more specific provision 3146 should take precedence over the more general 3147, and that whether Congress intended 3147 to apply to 3146 was sufficiently unclear that the rule of lenity foreclosed imposition of 3147's enhancement. *Lofton* referred to the Supreme Court's "reluctance to increase or multiply punishments absent a clear and definite legislative directive." *Lofton,* 716 F.Supp. at 485.

The Second Circuit has never addressed the issue of whether 3147 should apply to bail jumping. In *United States v. Cervantes,* 878 F.2d 50 (2d Cir.1989), the court stated, in dicta:

> Cumulating points for bail-forfeiture and for committing a crime while other charges are pending is permissible here because the other pending charges are not the ones involved in the bail-forfeiture. Since refraining from criminal conduct is generally a condition of bail, it would be double counting to add points both because the crime was committed while charges were pending and because the conduct underlying those charges constituted a violation of the conditions of bail with respect to those charges.

*Cervantes,* 878 F.2d at 55 n. 3.

The legislative history of the 1984 Comprehensive Crime Control Act discusses sections 3146 and 3147 separately. *See* S.Rep. No. 98–225, 1984 U.S.C.C.A.N. (P.L. 98–473) 3217. On page 3214 of U.S.C.C.A.N., the Senate Report states that section 3146's "grading" of penalties has been "enhanced to more nearly parallel that of the underlying offense for which the defendant was released," and that the purpose of this "enhanced grading provision" is to discourage a defendant from hiding until the prosecution for the underlying serious felony grows stale:

> Section 3146, as reported, basically continues the current law offense of bail jumping although the grading has been enhanced to more nearly parallel that of the underlying offense for which the defendant was released. This enhanced grading provision is designed to eliminate the temptation to a defendant to go into hiding until the government's case for a serious felony grows stale or until a witness becomes available, often a problem with the passage of time in narcotics offenses, and then to surface at a later date with criminal liability limited to the less serious bail jumping offense.

*See id.* at 3214.

The Report gives no intimation that the particular ranges, set forth as expressing proper relationships to the underlying offenses, were immediately thereafter to be increased by a blanket three-level enlargement.

By contrast, the Senate Report's discussion of 3147 is short and declares primarily that:

> Section 3147 is designed to deter those who would pose a risk to community safety by committing another offense when released under the provisions of this title and to punish those who indeed are convicted of another offense.

*See id.* at 3217.

That purpose seems inapposite to a 3146 offense. First, the risk to community safety has no apparent relationship to 3146,

since no risk to community safety is normally involved in a failure to appear in court when required. Second, since no act other than failure to appear would need to be shown to invoke both 3146 and 3147, the reservation about "those who indeed are convicted of another offense" is meaningless with respect to 3146, although it is clear with respect to another offense, for example, robbery.

Finally, one should note the Senate Report's description (twice) of 3146's penalties as "enhanced." While normally sentences may be imposed to run concurrently or consecutively, those under 3146 are consecutive only. It provides: "A term of imprisonment imposed under this section [3146] shall be consecutive to the sentence of imprisonment for any other offense." To the extent that the requirement of service consecutive to any other sentence of imprisonment "enhances" 3146's penalties, they are not intended to be further enhanced[2] by application of 3147. *See Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). In *Simpson* and *Busic*, the Supreme Court held that 18 U.S.C. § 924(c), imposing mandatory consecutive imprisonment for carrying or using a firearm in committing a federal felony, could not be used to enhance further the sentence for the underlying felony if the statute for the underlying felony already contained its own provisions for enhancements. As the Court stated in *Simpson*:

> Cases in which the Government is able to prove violations of two separate criminal statutes with precisely the same factual showing, as here, raise the prospect of double jeopardy and the possible need to evaluate the statutes in light of the *Blockburger* test. That test, the Government argues, is satisfied in this litigation. We need not reach the issue. Before an examination is made to determine whether cumulative punishments for the two offenses are constitutionally permissible, it is necessary, following our practice of avoiding constitutional decisions where possible, to determine whether Congress intended to subject the defendant to multiple penalties for the single criminal transaction in which he engaged. Indeed, the Government concedes that 'there remains at least a possibility that Congress, although constitutionally free to impose additional penalties for violation of 18 U.S.C. § 924(c) in a case like the present one, has otherwise disclosed its intention not to do so.' We believe that several tools of statutory construction applied to the statutes 'in a case like the present one'—where the Government relied on the same proofs to support the convictions under both statutes—require the conclusion that Congress cannot be said to have authorized the imposition of the additional penalty of § 924(c) for commission of bank robbery with firearms already subject to enhanced punishment under § 2113(d).

*Simpson*, 98 S.Ct. at 912–13 (citations and footnotes omitted).

### Conclusion

It is sufficiently unclear that the enhanced penalties provided by 18 U.S.C. § 3147 are intended to apply to violations of § 3146 that the rule of lenity forecloses the application of § 3147 in this case.

Accordingly, Danny Tavares' sentence will not be enhanced pursuant to 18 U.S.C.

---

**2.** If 3147 applied, the sentence under 3146 would be served after any other sentence, and then the 3147 sentence would be served consecutively to that.

§ 3147 and the cognate § 2J1.7 of the United States Sentencing Guidelines.

So ordered.