**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose ARISTY, Defendant–Appellant.**

No. 01–6004.

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

## ORDER

Jose Aristy appeals his sentence entered upon his plea of guilty to failing to appear while on release in violation of 18 U.S.C. § 3146. The parties have waived oral argument and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The district court sentenced Aristy to twenty-seven months of imprisonment and three years of supervised release. In arriving at Aristy's sentence, the district court applied an enhancement pursuant to USSG § 2J1.7 for committing an offense while on release. The three-level enhancement under § 2J1.7 was based on Aristy conspiring to distribute cocaine in San Antonio, Texas. Aristy objected to the three-level enhancement on the basis of the failure to appear charge as the underlying offense, but he did not object to the enhancement based upon the drug conviction.

In his timely appeal, Aristy contends that the district court erred in raising his base offense level by three pursuant to USSG § 2J1.7 for commission of the offense while on release. The parties have filed briefs and expressly waived oral argument. The government concedes that the district court used an improper basis

for applying the § 2J1.7 enhancement, *see United States v. Bahhur,* 200 F.3d 917, 927 (6th Cir.2000), but contends that a proper basis exists and that resentencing Aristy would only result in the same base offense level. In other words, this case is not one where an incorrect sentencing calculation of the defendant's guideline range constitutes plain error; rather, the district court reached the correct calculation, but for the wrong reason.

The court reviews de novo a sentencing court's interpretation of the guidelines. *United States v. Benson,* 134 F.3d 787, 788 (6th Cir.1998).

Aristy objected to the three-level enhancement on the basis of the failure to appear charge as the underlying offense, but he did not object to the enhancement based upon the drug conviction. Because Aristy failed to object on this ground during the sentencing proceeding, this court reviews the district court's judgment for plain error. *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002); *United States v. McGahee,* 257 F.3d 520, 531 (6th Cir.2001); *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir. 1998). "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.,* obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Schulte,* 264 F.3d 656, 660 (6th Cir.2001). Regarding the fourth element, the district court's discretion to correct forfeited error should be employed "in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)).

The district court did not plainly err because Aristy's case does not constitute a circumstance in which a miscarriage of justice would result. While Aristy's Texas drug case was an improper basis for applying the § 2J1.7 enhancement, there was a proper basis for the enhancement in the form of the instant failure to appear case. The sentence enhancement applies to conviction for failure to appear under 18 U.S.C. § 3146. *Benson,* 134 F.3d at 788. Thus, should Aristy be resentenced, a district court would be bound to apply the same upward adjustment to Aristy's base offense level under § 2J1.7. Accordingly, Aristy' substantial rights have not been affected, and his sentence will not be reversed for plain error.

The district court's judgment is hereby affirmed.