# United States Court of Appeals
## For the First Circuit

No. 10-2138

UNITED STATES OF AMERICA,

Appellee,

v.

CHUONG VAN DUONG,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Howard, Selya and Thompson,
Circuit Judges.

Peter B. Krupp, with whom Lurie & Krupp, LLP was on brief, for appellant.
Mark J. Balthazard, Assistant United States Attorney, with whom Carmen M. Ortiz, United States Attorney, was on brief, for appellee.

January 6, 2012

**HOWARD**, **Circuit Judge**. Chuong Van Duong was convicted of failing to surrender for service of sentence. 18 U.S.C. § 3146(a)(2) (2006). The district court sentenced him to fifteen months in prison, based in part on a statutory enhancement for committing an offense while released: in this instance, the offense was the failure to surrender. Id. § 3147 (2006). Duong appeals his sentence on grounds that the enhancement does not apply and that his sentencing guideline range was miscalculated. We affirm.

## I. BACKGROUND

In 2003, Duong was indicted in connection with an investment fraud scheme. Although initially detained following his arrest, he was released to home confinement pending trial. Duong ultimately entered what is in essence an Alford plea; he was sentenced to five years in prison and ordered to self-report for service of that sentence.[1] Rather than surrender, however, Duong shed his electronic-monitoring bracelet and fled to Canada. There he was apprehended by Canadian authorities, who returned him to the United States. After his homecoming, a grand jury handed up a one-count indictment charging him with failure to surrender for service of sentence. Duong proceeded to trial on the basis that his

---

[1]An Alford plea allows a defendant to accept a prison term in a plea agreement without admitting participation in the acts constituting the crime. North Carolina v. Alford, 400 U.S. 25, 37 (1970).

failure to surrender was justified, see id. § 3146(c), but that attempt foundered and he was convicted.

Over Duong's objections, the court sentenced him to a prison term of fifteen months in addition to his original five-year sentence. The judge explained that he was attributing eight months of the fifteen-month sentence to the failure-to-surrender offense, and the remaining seven months to the section 3147 enhancement because the failure-to-surrender offense was committed while Duong was released. See U.S.S.G. § 3C1.3, cmt. n.1 (2009). This appeal followed.

## II. DISCUSSION

Duong's arguments raise issues of statutory and guideline interpretation that we review de novo. United States v. Gurka, 605 F.3d 40, 43 (1st Cir.), cert. denied, 131 S. Ct. 360 (2010); United States v. McElroy, 587 F.3d 73, 87 (1st Cir. 2009).

## A. The Statutes

Duong's claim that section 3147 does not apply to convictions under section 3146(a)(2) starts with the assertion that "[i]t is unclear from the plain language of 18 U.S.C. §§ 3146 and 3147 whether Congress intended a person who fails to surrender for a sentence in violation of section 3146 to be subject to an additional punishment under section 3147." As have the other circuits that have considered it, we reject that premise.

We begin with the language of the statute. Richardson v. United States, 526 U.S. 813, 818 (1999); United States v. Brown, 500 F.3d 48, 59 (1st Cir. 2007). "We assume that the words that Congress chose to implement its wishes, if not specifically defined, carry their ordinary meaning and accurately express Congress's intent." Boivin v. Black, 225 F.3d 36, 40 (1st Cir. 2000). "When the statutory language 'points unerringly in a single direction, and produces an entirely plausible result, it is unnecessary -- and improper -- to look for other signposts or to browse in the congressional archives.'" Plumley v. S. Container, Inc., 303 F.3d 364, 369 (1st Cir. 2002) (quoting United States v. Charles George Trucking Co., 823 F.2d 685, 688 (1st Cir. 1987)).

Here, the statutory language is plain and unambiguous. Section 3147 provides, without exception, that a defendant "convicted of an offense committed while released under this chapter [Chapter 207] shall be sentenced, in addition to the sentence prescribed for that offense to . . . a term of imprisonment for not more that ten years if the crime is a felony[.]" (emphasis added). Failure to surrender for service of sentence is "an offense" under Chapter 207, and it is -- and can only be -- "committed while released." We see nothing implausible about this result. And all five courts of appeals that have considered this question have reached the same conclusion. See United States v. Rosas, 615 F.3d 1058, 1064 (9th Cir. 2010); United

-4-

States v. Dison, 573 F.3d 204, 207-208 (5th Cir. 2009); United States v. Fitzgerald, 435 F.3d 484, 486 (4th Cir. 2007); United States v. Clemendor, 237 F. App'x. 473, 478 (11th Cir. 2007) (per curiam); United States v. Benson, 134 F.3d 787, 788 (6th Cir. 1998).

Duong relies on two district court decisions that have concluded otherwise based on the rule of lenity. United States v. Tavares, 166 F. Supp. 2d 903, 907 (S.D.N.Y. 2001); United States v. Lofton, 716 F. Supp. 483, 485 (W.D. Wash. 1989). Neither is persuasive. As we have said, there is no ambiguity here, let alone a "grievous" one such as would be required to trigger the rule. Chapman v. United States, 500 U.S. 453, 463 (1991); see also United States v. Ahlers, 305 F.3d 54, 62 (1st Cir. 2002) ("[T]he sine qua non of the rule's application is genuine ambiguity, and a statute is not ambiguous simply because litigants (or even an occasional court) question its interpretation."). We also note that Tavares has not been cited since its publication and that Lofton, which was decided in the Western District of Washington, stands on particularly dubious footing in light of the Ninth Circuit's subsequent opinion in Rosas.[2]

---

[2]Compare Rosas, 615 F.3d at 1064 ("As to Rosas's claim that the rule of lenity dictates a different result, we agree with our sister circuits that, in the face of such unambiguous statutory language, the rule of lenity does not apply here."), with Lofton, 716 F. Supp. at 485 ("[T]he applicability of Section 3147 to Lofton's conviction for failing to appear is ambiguous. . . . Therefore, the rule of lenity forecloses the imposition of an

Duong also asserts that the circuit court decisions are wrong. He argues that they "are incorrect in their assessment that it was the clear intent of Congress to apply multiple punishments -- 3146(b) and 3147 -- to a failure to appear charge." The argument appears to take issue with those courts for rejecting the contention, raised by the defendants in those cases, that sentences enhanced under section 3147 violate the Double Jeopardy Clause. But we do not see how Duong's critique of those cases helps him here. Duong did not raise double jeopardy as an objection to his sentence below. Nor is it clear in his appellate brief whether he is actually raising double jeopardy as a ground for appeal. Under these circumstances, to the extent he invokes double jeopardy at all, it is waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

## B. **The Guidelines**

Duong's other argument concerns the calculation of his guideline range. He argues that the court improperly increased his offense level based on the guideline implementing section 3147. See U.S.S.G. § 3C1.3 (2009). His argument relies on the commentary to a separate guideline that set his offense level for failure to appear under section 3146. See id. § 2J1.6 (2009). That commentary provides: "For offenses covered under this section, Chapter Three, Part C (Obstruction) does not apply, unless the

additional sentence on Lofton.").

-6-

defendant obstructed the investigation or trial of the failure to appear count."  Id. § 2J1.6, cmt. n.2 ("Application Note 2"). Duong says that Application Note 2 prohibits an increase to his offense level under section 3C1.3.

At first blush, application Note 2 might appear to have an impact on this case.  Unquestionably, Duong did not obstruct "the investigation or trial of the failure to appear count."  Thus, according to the literal terms of Application Note 2, "Chapter 3, Part C" -- presumably including section 3C1.3 -- "does not apply." But, contrary to Application Note 2, section 3C1.3 requires an increase "[i]f a statutory sentencing enhancement under 18 U.S.C. § 3147 applies."  See also id. cmt. n.1 ("Under 10 U.S.C. § 3147, a sentence of imprisonment must be imposed in addition to the sentence for the underlying offense . . . .")  (emphasis added). And as we have said, section 3147 clearly applies in this case. The government recognizes the conflict and proposes the following solution: disregard Application Note 2 in this particular instance. We are constrained to agree.

Commentary to the guidelines is generally authoritative. See Stinson v. United States, 508 U.S. 36, 42 (1993).  But it "must not be confused with gospel.  Commentary is not binding in all instances."  United States v. Piper, 35 F.3d 611, 617 (1st Cir. 1994).  In particular, "commentary carries no weight when the Commission's suggested interpretation of a guideline is 'arbitrary,

unreasonable, inconsistent with the guideline's text, or contrary to law.'" Id. (quoting United States v. Fiore, 983 F.2d 1, 2 (1st Cir. 1992)). The test is a strict one: disregarding commentary in favor of a guideline or statute is permissible "only when 'following one will result in violating the dictates of the other.'" Id. (quoting Stinson, 508 U.S. at 43); see also United States v. Burns, 160 F.3d 82, 85 (1st Cir. 1998); see generally Roger W. Haines et al., Federal Sentencing Guidelines Handbook: Text and Analysis 172-73 (2010-2011 ed.) (collecting cases).

Here, that test is satisfied. As we outlined above, following Application Note 2's instruction in this particular instance would contravene section 3C1.3's requirement to increase Duong's offense level, and the plain terms of section 3147 itself, which explicitly states that "a person convicted of an offense while on release shall be sentenced." (emphasis added). In light of these dictates, Application Note 2 must yield the road.

Although this question has not been widely considered, at least one other court of appeals has reached the same conclusion, see United States v. Ordonez, 305 F. App'x 980, 984 (4th Cir. 2009) (per curiam); to our knowledge, none has reached a contrary one. Another point in favor of this resolution is to be found in a different section of Part C. Section 3C1.1 calls for a two-level increase for obstruction of justice. Application Note 7, however, specifically proscribes this increase if the defendant is convicted

of inter alia, failure to appear, as covered by section 2J1.6. No such exclusion is contained within section 3C1.3.

Finally, we are guided by the genesis of section 3C1.3. Under a previous regime, the guidelines attendant to sections 3146 and 3147 were companions in the same chapter and part. See U.S.S.G. §§ 2J1.6, 2J1.7 (2005). An amendment in 2006, however, moved the guideline respecting section 3147 to its present location in section 3C1.3. See U.S.S.G. app. C, amend. 684 (Supp. Nov. 1, 2006). The stated purpose was not to bring that guideline within the purview of Application Note 2 of section 2J1.6, but to ensure that the statutory enhancement in section 3147 "is not overlooked." Id.; see also Clemendor, 237 Fed. App'x at 480 (finding "no indication, express or implied, that the amendment was made to affect § 3146 cases").

**Affirmed**.[3]

---

[3]In view of the conflict between Application Note 2 and 18 U.S.C. § 3147, a copy of this opinion will be sent to the Sentencing Commission for its consideration.