UNITED STATES of America, Plaintiff–Appellee,

v.

David W. LANIER, Defendant–Appellant.

No. 93–5608.

United States Court of Appeals, Sixth Circuit.

Decided Aug. 14, 1997.

Alfred H. Knight, Willis & Knight, Nashville, TN, for Defendant–Appellant.

David W. Lanier, Dyersburg, TN, pro se.

Before: MARTIN, Chief Judge; KEITH, MERRITT, KENNEDY, JONES, NELSON, RYAN, BOGGS, NORRIS, SUHRHEINRICH, SILER, BATCHELDER, DAUGHTREY, MOORE, and COLE, Circuit Judges.

## ORDER

The United States moves to vacate the order of June 15, 1995, which released the defendant on his own recognizance. The defendant has responded in opposition to the motion. The motion to vacate and the response have been referred to the en banc court, a majority of which has voted to grant the motion.

Accordingly, the order of June 15, 1995, is hereby VACATED and set aside. The defendant is directed to surrender himself to the United States Marshal for the Western District of Tennessee not later than noon on Friday, August 22, 1997.

This order is without prejudice to the defendant's reapplying to the district court for his release pending disposition of his appeal.

---

JONES, Circuit Judge, concurs, and has filed a separate opinion which is appended hereto.

NELSON, Circuit Judge, concurs in the entry of this order for the reasons stated in his separate concurring opinion, which is appended hereto.

BOGGS, Circuit Judge, concurs, and has filed a separate opinion which is appended hereto.

MERRITT, Circuit Judge, dissents from the entry of this order for the reasons stated in his separate dissenting opinion, which is appended hereto.

### CONCURRENCE

NATHANIEL R. JONES, Circuit Judge, concurring.

I agree with the majority of this court that revocation of our previous order of release is now required.

Given the undue attention focused on the composition of this *en banc* court in the statement filed by Judge Boggs, a response is required. The fact that the question has been raised at all is quite perplexing, particularly given that this court has convened seventeen *en banc* sittings since March 1989. In that time, some thirty-four *en banc* cases [1] have been argued and decided with senior judge participation with no question about or challenge to the composition of the court. *See United States v. Jones,* 108 F.3d 668 (6th Cir.1997) (Judge Jones); *Stupak–Thrall v. United States,* 89 F.3d 1269 (6th Cir.1996) (Judge Brown); *O'Guinn v. Dutton,* 88 F.3d 1409 (6th Cir.1996) (Judge Jones); *Nixon v. Kent County,* 76 F.3d 1381 (6th Cir.1996) (Judges Keith and Jones); *United States v. Lanier,* 73 F.3d 1380 (6th Cir.1996) (Judges Keith, Jones and Wellford); *Spear v. Sowders,* 71 F.3d 626 (6th Cir.1995) (Judge Jones); *Bartlik v. United States Dep't of Labor,* 62 F.3d 163 (6th Cir.1995) (Judge Jones); *Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995) (Judge Guy); *Corbin v. Blankenburg,* 39 F.3d 650 (6th Cir.1994) (Judge Celebrezze); *Sweeton v. Brown,* 27

F.3d 1162 (6th Cir.1994) (Judge Contie); *United States v. Brady,* 988 F.2d 664 (6th Cir.1993) (Judge Lively); *Americans United v. City of Grand Rapids,* 980 F.2d 1538 (6th Cir.1992) (Judge Lively); *United States v. Morrow,* 977 F.2d 222 (6th Cir.1992) (Judge Krupansky); *United States v. Silverman,* 976 F.2d 1502 (6th Cir.1992) (Judge Wellford); *United States v. Gessa,* 971 F.2d 1257 (6th Cir.1992) (Judges Contie and Krupansky); *United States v. Steele,* 933 F.2d 1313 (6th Cir.1991) (Judge Brown); *Minority Employees v. Tennessee,* 901 F.2d 1327 (6th Cir.1990) (Judge Engel); *Bagby v. Sowders,* 894 F.2d 792 (6th Cir.1990) (Judge Contie) and *Smolarek v. Chrysler Corp.,* 879 F.2d 1326 (6th Cir.1989) (Judge Peck). Additionally, the following *en banc* matters, which included senior judges, have been heard and decisions are currently pending: *United States v. Erwin,* No. 94–1766 (argued June 11, 1997) (Judge Jones); *Millikin v. Commissioner,* No. 96–1012 (argued June 11, 1997) (Judge Contie); *Sprague v. General Motors Corp.,* No. 94–1896 (argued April 23, 1997) (Judge Lively); *Perez v. Aetna Life Ins. Co.,* No. 95–1111 (argued April 23, 1997) (Judge Jones); and *Doe v. Securities and Exchange Comm'n,* No. 95–5862 (argued December 4, 1996) (Judge Contie). In light of this background, it is indeed surprising that any of our number would take time to muse. I am nevertheless confident that this court followed the proper procedures in assembling the *en banc* court in this case.

Judge Keith sat as a member of the original panel. Though he may wish to state his own perspective, my view is that he is entitled to serve on the *en banc* panel to review "a decision of a panel of which [he] was a member." 28 U.S.C. § 46(c). By virtue of the Supreme Court reversal of the *en banc* panel in *United States v. Lanier,* —— U.S. ——, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997), this court is still reviewing that original panel decision. Consequently, Judge Keith is still eligible to serve.

I took senior status on May 13, 1995. However, as an active judge, I participated in

---

**1.** Of the thirty-four cases alluded to here, ten were consolidated for oral argument. The point, however, is that the composition of an *en banc*

court has not been challenged from March 1989 until now.

the poll that considered whether to rehear this case *en banc.* This court granted the request and entered its order on January 4, 1995. The case was scheduled for argument on June 14, 1995. A local rule—which is still in effect—permitted my service as a senior judge since I had participated in the poll. Sixth Cir. R. 14(d). In the absence of any contrary statute, we applied this rule, as we have numerous times, to ease the burdens of scheduling our periodic *en banc* hearings.

Subsequent to the application of our local rule and following our hearing of the case, Congress amended 28 U.S.C. § 46(c) to permit a senior judge to serve in *en banc* cases where he or she had been in active service at the time the case was heard.[2] The relationship between our local rule and the Congressional amendment may hold some prospective conflict.[3] However, we followed our local rule prior to the amendment of the Congressional statute. Given the recent Supreme Court decisions governing retroactive application of federal statutes, the issue warrants no further scrutiny. *See Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Rivers v. Roadway Exp., Inc.,* 511 U.S. 298, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994).

### CONCURRENCE

DAVID A. NELSON, Circuit Judge, concurring.

Under the United States Constitution—the fundamental charter of government that all federal judges bind themselves to support— the legislative powers granted in the Constitution are vested not in the courts, but in Congress. U.S. Const., art. I, § 1. Laws made by Congress in pursuance of the Constitution, along with the Constitution itself, constitute the supreme law of the land.

In 18 U.S.C. § 3143(b)(2), as amended, Congress has declared that any person who has been found guilty of a crime of violence, among other things, "shall" be detained pending appeal. There are exceptions to this statutory mandate, but the exceptions are narrow—and in no event, Congress has decided, may a person who is subject to detention under § 3143(b)(2) be released pending appeal unless "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." See 18 U.S.C. § 3145(c).

The felonies of which defendant Lanier was convicted were crimes of violence, as the district court correctly held in denying two post-conviction motions for release pending appeal. Lanier may ultimately be able to persuade a majority of the judges of this court that the conduct on which his felony convictions were based had not been made a crime under federal law, but the point is by no means free from doubt, to say the least, and the district court certainly did not abuse its discretion in concluding that Lanier had

---

2. To the extent that the Supreme Court remand of this case could be construed as a "new" *en banc* panel, this court has considered the matter since the statute was amended. As recently as April 22, 1997—nine months after amendment of the statute in question—this court voted to maintain the composition of the *en banc* panel as in the initial *en banc* hearing. Judge Keith and I were thus included as part of the present panel. This decision suggests that Local Rule 14(d) and the amended statute are not inconsistent.

3. To characterize any conflict between our local rule and the Congressional amendment as such is indeed generous. The statute, as amended, reads in pertinent part:

any senior circuit judge of the circuit shall be eligible (1) to participate, *at his election* and upon designation and assignment pursuant to section 294(c) of this title and the rules of the circuit, as a member of an in banc court reviewing a decision of a panel of which such judge was a member, or (2) to continue to participate in the decision of a case or controversy that was heard or reheard by the court in banc at a time when such judge was in regular active service.

28 U.S.C. § 46(c) (emphasis added). It is by no means a certainty that this provision provides a ceiling with respect to senior judge participation on an *en banc* court. This court would have to determine whether application in this context would be retroactive. If so, the court would then have to exempt this case from the recent line of Supreme Court decisions governing retroactivity. If not, the court would have to determine whether the statute was intended to restrict senior judge participation to the enumerated instances or whether the statute sets forth a baseline set of conditions for such *en banc* service. In short, this court would have to make many more substantive legal decisions before arriving at Judge Boggs's conclusion.

not shown exceptional reasons why his detention would be inappropriate.[1]

The existence of a colorable argument that his convictions ought to be reversed does not, in my judgment, qualify as a reason for allowing defendant Lanier to remain at liberty while his appeal is being decided. Congress has determined that a person in this defendant's situation must be detained unless it is "clearly" shown that there are "exceptional" reasons why detention would be inappropriate. The district court did not think that Lanier had made such a showing, and I do not think so either.

As citizens, we may question the wisdom of the rule which Congress has told us to apply in cases such as this. As judges, however, we are bound to do what Congress has directed us to do.

## CONCURRENCE

BOGGS, Circuit Judge, concurring.

I voted in favor of the government's motion that the appellant Lanier be reincarcerated, pending our court's decision on the underlying case remanded to us by the Supreme Court. I did this because I believe that, subsequent to the Supreme Court action, Lanier's status is the same as that of any convicted felon awaiting a determination of his appeal, and in that situation bail pending appeal is very rarely granted.

However, I think it is important to place on the record the fact that the government's motion was granted because it was considered by an en banc court composed of the thirteen judges in regular active service as of the date of the motion plus Judges Keith and Jones. Had the motion been considered by only the active judges, it would not have been granted.

The question of whether the two senior judges should have been included in the en banc court requires a consideration of the status of a senior judge who sat on an original panel that considered the matter, prior to its being heard by the Supreme Court and remanded (Judge Keith), and of a judge who had taken senior status at the time the case was originally heard en banc by the Sixth Circuit, and who, of course, remained on senior status after the case was heard by the Supreme Court, and remanded to our court (Judge Jones). A majority of the judges in regular active service voted that the correct interpretation of the various applicable statutes, rules of appellate procedure, and local rules of our circuit indicated that both judges should be part of the en banc court considering the motion.

## DISSENT

MERRITT, Circuit Judge, dissenting.

In my view the Court's unexplained entry of an order denying bail in this case pending appeal is improper under fundamental principles of our government and under the Bail Act of 1984, 18 U.S.C. § 3143.

The order makes no attempt to explain its result and is unaccompanied by an opinion or any reasoning rebutting the defendant's extensive argument against immediate imprisonment. A majority of the Court *en banc* previously held that the defendant's obscene sexual conduct and assaults on several individuals in his office was not a federal crime under 18 U.S.C. § 242. *United States v. Lanier*, 73 F.3d 1380 (1996). The Supreme Court's subsequent opinion in the case does not find that the defendant's misconduct constitutes a federal crime and studiously avoids reaching any conclusion whatever on this point. The Court has simply asked us to revisit the case leaving out our previous statement that the conduct in question would become a federal crime only if the Supreme Court so declares.

Our Court does not tell us why it has now decided, or why it now assumes, that the

---

**1.** In *United States v. DiSomma,* 951 F.2d 494 (2d Cir.1991), a decision cited in a paragraph added to Judge Merritt's dissent after this concurrence was first circulated, the Second Circuit held that a district judge did not abuse her discretion in finding exceptional reasons to allow the release of an appellant who had been convicted of conspiracy to commit robbery and whose appeal raised a substantial issue as to the element of violence. I do not read the Second Circuit opinion as expressing any view as to whether the district judge would have abused her discretion had she denied the motion for release pending appeal.

defendant's misconduct makes out a federal crime.

What has intervened since we decided the case *en banc* is an outcry in the press and television media and among certain groups which have leveled the accusation that the judges who so decided the case previously were biased or worse.

The essence of why the defendant's conduct is not a federal crime is that our system of government is a *federal*, not a unitary national, system of government. Those who drafted the original Constitution believed that this federalist feature of our government was more important to us in preserving our liberty than a Bill of Rights. They believed that there should be no federal common law of crimes declared by federal courts and that it would be the function of the federal courts to protect our federalism and to stand as a barrier against the hue and cry of factions and interest groups asking the federal government to take over the role of the state governments. They believed that the federal courts should prevent the states from encroaching on the national responsibilities of the federal government and—in their view at that time, more important—also to prevent the federal government, particularly the executive, from slowly, step-by-step, assuming and undermining the responsibilities of the states. I believe that this fundamental vision of federalism is still sound and that it is still the role of the federal courts, however unpopular it may be in many quarters, to apply it in this particular case.

The defendant's conduct here is no different than if, in a fit of personal animosity or spite, he had cruelly attacked an acquaintance or a neighbor in the streets of Dyersburg, Tennessee. That is the state's responsibility to deal with. So far as I know, no one would seriously contend that it constitutes a federal crime for a wife to murder her husband or vice versa. The fact that obscene conduct by males in the workplace and sexual harassment in our society generally has become the object of special opprobrium and public scorn does not turn the defendant's outrageous conduct into a federal crime unless Congress explicitly so declares in a constitutional manner. For the basic reasons stated in our previous *en banc* decision, restated with approval by the Supreme Court in its *Lanier* opinion,[1] I do not believe that the defendant's misconduct constitutes a crime under 18 U.S.C. § 242.

In view of the fact that he has not committed any federal crime, the defendant should not now be incarcerated in a federal prison as though he had committed such a crime. As federal judges we should continue to adhere to the federalist view that ours is a "mixed" government of checks and balances and that the federal government may not incarcerate citizens in federal prisons for conduct, no matter how obscene or egregious, that is only a state crime. In the eyes of the average citizen, it may seem good and politically correct for a federal judge to send a man to federal prison for bad conduct that is a state, but not a federal crime. But it is my view the separation of powers and our system of federalism do not permit us to do so and that we as federal judges have a duty to deny the government's request that the defendant, having committed no federal crime, be reincarcerated in a federal prison to serve a federal sentence.

---

1. The Supreme Court stated the "fair warning" test in criminal cases in a manner similar to the requirements we articulated previously:

There are three related manifestations of the fair warning requirement. First, the vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. Second, as a sort of junior version of the vagueness doctrine, the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute, due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope. (Quotation marks and citations omitted.) *United States v. Lanier*, —— U.S. ——, ——, 117 S.Ct. 1219, 1225, 137 L.Ed.2d 432 (1997).

The Supreme Court has not suggested that the prosecution in this case comes close to meeting that test.

If an "exceptional circumstances" test is to be applied, as Judge Nelson now suggests in an opinion circulated after this opinion was first filed, surely this is such a case. A substantial majority of our Court has found no federal crime to exist in a ruling reviewed by the Supreme Court which left the question up in the air and undecided. It is hard to believe that a case that presents questions of sufficient difficulty to require review *en banc* and then has puzzled the Supreme Court and is now back before us is not an exceptional case. It is hard to believe that such a case of first impression does not present exceptional circumstances. In the only full judicial discussion of the "exceptional circumstances" test, the Second Circuit held that the test is clearly met if there is a likelihood that "prevailing on appeal may well result in dismissal of the indictment." *United States v. DiSomma*, 951 F.2d 494, 498 (2d Cir.1991).