**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David W. LANIER, Defendant–Appellant.**

No. 93–5608.

United States Court of Appeals,
Sixth Circuit.

Sept. 10, 1997.

Before: MARTIN, Chief Judge; KEITH, MERRITT, KENNEDY, JONES, NELSON, RYAN, BOGGS, NORRIS, SUHRHEINRICH, SILER, BATCHELDER, DAUGHTREY, MOORE, COLE, and CLAY, Circuit Judges.

## ORDER

This case is once again before the court, upon receipt of the appellant's response to our order of August 28, 1997, which required him to show cause why the appeal ought not be dismissed for his failure to have surrendered himself as directed.

The case has followed a tortuous path to reach this point, beginning with the appellant's jury conviction on December 18, 1992 and sentencing on April 12, 1993 in the district court for the Western District of Tennessee on seven counts of willful deprivation of the civil rights of another under color of state law, pursuant to 18 U.S.C. § 242. Upon appeal of the judgment of conviction and sentence, this court affirmed the district court in an opinion reported at *United States v. Lanier*, 33 F.3d 639 (6th Cir.1994).

The appellant sought and was granted review of the case by the en banc court, which

had the effect of vacating the decision of the panel referred to above. Rule 14(a), Rules of the Sixth Circuit. The appeal was reheard en banc on June 14, 1995, and on January 23, 1996 the court set aside the convictions in an opinion reported at *United States v. Lanier*, 73 F.3d 1380 (6th Cir.1996)(en banc).

The United States successfully petitioned the U.S. Supreme Court for a writ of certiorari, *United States v. Lanier*, —— U.S. ——, 116 S.Ct. 2522, 135 L.Ed.2d 1047 (1996), and on March 31, 1997 the Court vacated this court's judgment and remanded the case to this court. *United States v. Lanier*, —— U.S. ——, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). The issues on remand were set for briefing, with the appellant's brief having been filed on July 1, 1997 and the appellee's brief having been filed on August 1, 1997.

On August 14, 1997 we entered an order requiring the appellant, who had been released on his own recognizance during the pendency of the en banc proceedings, to surrender himself to the U.S. Marshal for the Western District of Tennessee by August 22, 1997. This he failed to do. Upon receipt of a copy of the warrant issued for his arrest, this court entered an order calling for the appellant to show cause why the appeal ought not therefor be dismissed. A response to that order was filed on August 29, 1997.

The sole issue thus before us is whether this appeal should be dismissed because the appellant is currently a fugitive. In *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the Court declined to adjudicate the appeal of a defendant convicted of crimes in state court who failed to surrender to state authorities. The Court stated that "[w]hile such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." 396 U.S. at 365, 90 S.Ct. at 498. More recently, the Court reiterated "[i]t has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega-*

Rodriguez v. United States*, 507 U.S. 234, 239, 113 S.Ct. 1199, 1202, 122 L.Ed.2d 581 (1993). The absence of the defendant also raises concerns regarding the enforceability of an appellate court judgment. *See Smith v. United States*, 94 U.S. 97, 24 L.Ed. 32 (1876); *In re Prevot*, 59 F.3d 556, 562 (6th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1048, 134 L.Ed.2d 194 (1996). Pursuant to this doctrine of fugitive disentitlement, we have dismissed the direct appeals of defendants who fled the jurisdiction during an appeal and remained at large. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir.1985); *United States v. Dawson*, 350 F.2d 396 (6th Cir.1965).

Thus, in keeping with the established practice of this court, this appeal is dismissed with prejudice, such dismissal to be effective thirty days from the file date of this order and with the mandate to issue at that time, unless the appellant submits himself to the custody of the United States Marshal for the Western District of Tennessee.

IT IS SO ORDERED.