**UNITED STATES of America, Plaintiff,**

v.

**David W. LANIER, Defendant.**

**No. 92–20172–(TU) D.**

United States District Court, W.D. Tennessee, Western Division.

Nov. 26, 2001.

Stephen C. Parker, Esq., U.S. Attorney's Office, Memphis, TN, for U.S.

Stephen B. Shankman, Federal Public Defender's Office, Memphis, TN, for David W. Lanier.

David W. Lanier, Federal Medical Center, Lexington, KY, pro se.

## ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE AND ORDER ENJOINING FUTURE FILINGS IN THIS CRIMINAL CASE

DONALD, District Judge.

On January 9, 2001, defendant David W. Lanier, Bureau of Prisons ("BOP") inmate registration number 13784–076, an inmate at the Federal Medical Center in Lexington, Kentucky, filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence. On January 17, 2001, the Government filed a motion for an extension of time to file a response. This Court granted that motion on January 24, 2001. Thereafter, on January 29, 2001, the Government filed a response in opposition to defendant's motion. Defendant filed a reply on February 9, 2001. In this latest motion, Lanier relies on a 2000 amendment to the applicable sentencing guidelines to argue, once again, that his sentence should be recalculated. Then, on June 27, 2001, defendant filed a supplement to his motion in which he argued that his sentence was unconstitutional in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

On May 20, 1992, a federal grand jury indicted Lanier on eleven counts of violating 18 U.S.C. § 242, which prohibits deprivation of rights under color of law.[1] At the time of the indictment, Lanier was the elected chancery court judge for Dyer and Lake Counties in Tennessee, where he also served as juvenile court judge. As the only chancellor and juvenile court judge in said counties, all of the employees of each of the courts, including secretaries, clerks, and juvenile officers, worked at the pleasure of Lanier. The indictment alleged that, between 1988 and 1991, Lanier sexually assaulted eight women who either worked for him at the state chancery court, worked for or with him in the juvenile court of Dyer County, or had a case pending before him.

The trial commenced on November 30, 1992 before the Honorable Jerome Turner. At the close of the trial, Judge Turner granted a directed verdict on count 9 of the indictment. On December 18, 1992, the jury returned a guilty verdict on

---

1. Eighteen U.S.C. § 242 provides, in relevant part: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State ... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section ..., shall be fined under this title or imprisoned not more than ten years, or both."

counts 2, 4, 5, 6, 7, 8, and 11 of the indictment. Lanier was found not guilty on counts 1, 3, and 10 of the indictment. Judge Turner conducted a sentencing hearing on March 26 and April 12, 1993, at the conclusion of which Lanier was sentenced to one year's imprisonment on each of counts 2, 4, 5, 8, and 11. Lanier was sentenced to ten years' imprisonment on each of counts 6 and 7. Defendant's sentence on each count was to be served consecutively to the others, resulting in a total sentence of twenty-five (25) years' imprisonment, to be followed by two years of supervised release. In addition, Lanier was fined $25,000 and was ordered to pay $1492 per month during the period of his incarceration, provided that he was entitled to receive, and did receive, a pension from the State of Tennessee.

A panel of the Sixth Circuit affirmed defendant's conviction and sentence. *United States v. Lanier*, 33 F.3d 639 (6th Cir.1994), *vacated*, 43 F.3d 1033 (6th Cir. 1995). On rehearing en banc, the Sixth Circuit reversed, holding that sexual assault could not be prosecuted as a violation of a constitutional substantive due process right to bodily integrity because the constitutional right at issue had not previously been identified by the Supreme Court in a case with fundamentally similar facts. *United States v. Lanier*, 73 F.3d 1380 (6th Cir.1996). The United States Supreme Court granted certiorari, 518 U.S. 1004, 116 S.Ct. 2522, 135 L.Ed.2d 1047 (1996), and, thereafter, in a unanimous decision, vacated the Sixth Circuit's en banc decision, holding that the Sixth Circuit applied the wrong standard in determining whether prior judicial decisions gave fair warning that defendant's actions violated constitutional rights, *United States v. Lanier*, 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). On remand, the Sixth Circuit issued an order vacating its previous decision and judgment and stating that the case would be reheard en banc. *United States v. Lanier*, 114 F.3d 84 (6th Cir. 1997).

In the meantime, on June 15, 1995, the Sixth Circuit issued an order releasing Lanier on his own recognizance. On August 14, 1997, the Sixth Circuit granted the Government's motion to vacate that order and directed defendant to surrender himself to the United States Marshal for the Western District of Tennessee by noon on Friday, August 22, 1997. *United States v. Lanier*, 120 F.3d 640 (6th Cir.1997) (en banc). Lanier did not surrender himself and, instead, fled to Mexico. Accordingly, the Sixth Circuit issued an opinion dismissing his appeal with prejudice, with such dismissal to be effective thirty days from the date of filing of the order, unless Lanier submitted himself to the custody of the United States Marshal. *United States v. Lanier*, 123 F.3d 945 (6th Cir.1997) (en banc), *cert. denied*, 523 U.S. 1011, 118 S.Ct. 1200, 140 L.Ed.2d 329 (1998).

Federal agents thereafter tracked Lanier to Ensenada, Mexico, and notified Mexican authorities. Lanier was arrested and deported to the United States.[2] Lanier thereafter, on April 7, 1998, filed a motion, pursuant to Fed.R.Crim.P. 33, for a new trial.[3] Numerous briefs and other materi-

2. Upon his return to the United States, Lanier was charged with failure to appear, in violation of 18 U.S.C. § 3146. On December 30, 1997, Lanier entered a plea of guilty. Lanier was sentenced to twelve months' imprisonment, with that sentence to run consecutively to Lanier's sentence for violating 18 U.S.C. § 242. The Sixth Circuit affirmed this con-

viction and sentence. *United States v. Lanier*, 201 F.3d 842 (6th Cir.2000).

3. Lanier had previously filed a *pro se* Rule 33 motion for a new trial on September 27, 1993. Judge Turner held that motion in abeyance pending the outcome of his appeal. In light of the Sixth Circuit's order dismissing

als were submitted by the parties. On June 28, 1999, Judge Turner issued an order denying Lanier's Rule 33 motion. *United States v. Lanier*, No. 92–20172–Tu (W.D. Tenn. June 28, 1999). In so holding, Judge Turner found that "all of Lanier's current arguments have already been made and either denied by this court or dismissed by the Sixth Circuit." *Id.* at 7. The Sixth Circuit affirmed the denial of Lanier's Rule 33 motion. *United States v. Lanier*, No. 99–5983, 2000 WL 1720917 (6th Cir. Nov.6, 2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 2245, 150 L.Ed.2d 233 (2001), *rehearing denied,* —— U.S. ——, 122 S.Ct. 13, 150 L.Ed.2d 795 (2001).

Lanier also filed a motion under 28 U.S.C. § 2255 in this District on August 24, 1998. On February 26, 1999, Judge Turner issued an order denying Lanier's motion and denying a certificate of appealability. *United States v. Lanier*, 98 Civ. 2746-Tu/Bre (W.D.Tenn. Feb. 26, 1999). Judgment was entered on March 19, 1999. Lanier filed a timely notice of appeal but did not pay the appellate filing fee. On August 26, 1999, the Sixth Circuit issued an order dismissing the appeal for want of prosecution. *United States v. Lanier*, No. 99–5893 (6th Cir. Aug. 26, 1999). Then, on November 12, 1999, the Sixth Circuit issued an order stating that, on *sua sponte* reconsideration, the case would be restored to the active docket. *United States v. Lanier*, No. 99–5893 (6th Cir. Nov. 12, 1999). Finally, on February 14, 2000, the Sixth Circuit issued an order denying a

certificate of appealability. *United States v. Lanier*, No. 99–5893 (6th Cir. Feb. 14, 2000).[4]

In his latest filing, Lanier contends that he is entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) provides, in relevant part, as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Lanier's basic claim is that his sentence should be recalculated pursuant to Amendment 591 to the United States Sentencing Guidelines ("USSG"). In order to evaluate this claim, it is first necessary briefly to recite the manner in which the Guidelines

Lanier's appeal, on September 30, 1997 Judge Turner ordered that all of Lanier's pending motions would be denied if he failed to surrender to the U.S. Marshal within the time prescribed by the Sixth Circuit. Because Lanier did not submit himself to custody, Judge Turner issued an order on October 10, 1997 denying all Lanier's pending motions, including his Rule 33 motion for a new trial.

4. Lanier has also filed various other motions, too numerous to relate here. Most significantly, Lanier filed a motion with the Sixth Circuit on November 21, 2000 seeking leave, pursuant to 28 U.S.C. § 2244(b)(3), for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255. Lanier's motion was denied. *Lanier v. United States*, No. 00–6471 (6th Cir. Oct. 29, 2001).

were applied to Lanier's conduct at the time of sentencing.[5] That calculation is rather complex. With respect to the five misdemeanor counts (counts 2, 4, 5, 8, and 11), USSG § 2H1.4(a) provided that the base offense level was the greater of (1) ten (10) or (2) six (6) plus the offense level applicable to any underlying offense. In this case, the underlying offense is abusive sexual conduct, pursuant to 18 U.S.C. § 2244(b). The base offense level for that offense is ten (10), USSG § 2A3.4(a)(3), resulting in a total base offense level of sixteen (16). Defendant was also given a two-level enhancement for obstruction of justice pursuant to USSG § 3C1.1, resulting in a total base offense level of eighteen (18).

With respect to the two felony counts (counts 6 and 7), USSG § 2H1.4(a) provided that the base offense level was the greater of (1) ten (10) or (2) six (6) plus the offense level applicable to any underlying offense. In this case, the underlying offense is aggravated sexual abuse, pursuant to 18 U.S.C. § 2241(a)(1). The base offense level for that offense is twenty-seven (27). USSG § 2A3 .1(a). Moreover, the defendant was given a four-level enhancement because the offense was committed by force, *id.* § 2A3.1(b)(1); *see* 18 U.S.C. § 2241(a), as well as a two-level enhancement for obstruction of justice pursuant to USSG § 3C1.1. Accordingly, the total base offense level was thirty-nine (39).

USSG § 3D1.4 sets forth the standards for determining the combined offense level when a defendant is convicted of multiple counts. Pursuant to that section, defendant's total adjusted offense level was deemed to be forty-one (41). This offense level, combined with defendant's criminal history score of I, resulted in a sentencing

range of 324 to 405 months. Because that sentence exceeded the statutory maximum contained in 18 U.S.C. § 242, Lanier was sentenced to ten years on each of the two felony counts and one year on each of the five misdemeanor counts, with all sentences to run consecutively.

Amendment 591, which took effect on November 1, 2000, was enacted to clarify when a defendant can be sentenced under certain Guideline sections providing for enhanced penalties, such as USSG § 2D1.2, concerning drug offenses occurring near protected locations or involving underage or pregnant individuals. Although his argument is difficult to follow, Lanier attempts to apply the rationale behind Amendment 591 in support of his argument-which has been previously made and rejected on numerous occasions-that it was inappropriate to consider the "underlying offense" in his case to be abusive sexual conduct and aggravated sexual abuse. However, the applicable Guidelines in effect at the time of Lanier's sentencing contemplated precisely the type of sentence that was imposed:

> "Underlying offense," as used in this guideline, includes any offense under federal, state, or local law other than an offense that it itself covered under Chapter Two, Part H, Subpart 1, 2, or 4. For example, in the case of a conspiracy to interfere with a person's civil rights (a violation of 18 U.S.C. § 241) that involved an aggravated assault (the use of force) to deny certain rights or benefits in furtherance of discrimination (a violation of 18 U.S.C. § 245), the underlying offense in respect to both the violation of 18 U.S.C. § 241 (to which § 2H1.1 applies) and the violation of 18 U.S.C.

---

5. According to the presentence report, Lanier's sentence was calculated using the 1992 edition of the Guidelines.

§ 245 (to which § 2H1.3 applies) would be the aggravated assault.

"2 plus the offense level applicable to any underlying offense" means 2 levels above the offense level (base offense level plus any applicable specific offense characteristics and cross references) from the offense guideline in Chapter 2 that most closely corresponds to the underlying offense. For example, if the underlying offense was second degree murder, which under § 2A1.2 has an offense level of 33, "2 plus the offense level applicable to the underlying offense" would be 33 + 2 = 35. If the underlying offense was assault, criminal sexual conduct, kidnapping, abduction or unlawful restraint, the offense level from the guideline for the most comparable offense in §§ 2A2.1–2A4.2 (Assault, Criminal Sexual Abuse, and Kidnapping, Abduction, or Unlawful Restraint) would first be determined, and 2 levels then would be added.

USSG § 2H1.1 application note 1; see id. § 2H1.4 application note 1 (cross-referencing the Commentary to § 2H1.1).[6]

Amendment 591 did not alter the basic concept of "underlying offenses" set forth in the Guidelines applicable to civil rights offenses. Indeed, the current version of § 2H1.1, which is now applicable to violations of 18 U.S.C. § 242, requires the sentencing court to determine the "underlying offense." Moreover, although the application note quoted above has since been rewritten, the basic concept is the same. Thus, Amendment 591 provides no support for defendant's argument that it was error to sentence him on the basis of the Guidelines applicable to sexual assault. Defendant's motion is without merit.

The remaining issues set forth in Lanier's January 9, 2001 motion are not properly before this Court. Defendant's arguments that his attorney improperly advised him concerning the sentence he could receive and that he improperly received enhancements for the use of force and obstruction of justice were either waived because the defendant forfeited his direct appeal or were previously determined adversely to the defendant in his § 2255 motion. This Court will not revisit those issues.

Finally, this Court may not reach the issue raised in defendant's June 27, 2001 supplement, in which he argues that his sentence was unconstitutional in light of *Apprendi.* As previously mentioned, *see supra* p. 782 n. 4, the Sixth Circuit recently refused defendant permission to file a second or successive § 2255 motion. Lanier had sought the Sixth Circuit's leave to file a motion raising precisely the same *Apprendi* issue that was raised by Lanier in his June 27, 2001 supplement (and mentioned in his January 9, 2001 motion). The Sixth Circuit has said that that issue may not be raised in this Court. Accordingly, it would not be appropriate for this Court to consider the merits of this claim.

For all the foregoing reasons, the Court lacks jurisdiction to grant any relief pursuant to 18 U.S.C. § 3582(c) and the motion is DENIED.

As no reasonable jurist could disagree that this Court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R.App. 24(a) that any appeal in this matter by defendant, proceeding *in forma pauperis,* is not taken in good faith.

---

**6.** Amendment 521, which took effect on November 1, 1995, made a number of changes to the Guidelines applicable to civil rights violations. As a result, the Guidelines pursuant to which Lanier was sentenced have been changed even prior to the enactment of Amendment 591. It is not necessary to address the effect of Amendment 521, however, because it has not been made retroactive. *See* USSG § 1B1.10(c).

This Court need not consider any further filings from this defendant attempting to attack his conviction or sentence unless ordered to do so by a higher court. The defendant may not file another motion to attack his conviction or sentence until he obtains permission from the Court of Appeals for this circuit. 28 U.S.C. §§ 2244(B)(3), 2255.

This Court has no authority to consider a challenge to his conviction or sentence, which must be considered by the sentencing court only after Lanier receives permission from the Sixth Circuit. Accordingly, to reduce the likelihood that Lanier will continue to attempt to avoid the statutory limitations on filing successive motions to vacate, and to assist the Court in construing any complaints he may file, the Court imposes the following restrictions in this district on Lanier's filing further motions to vacate, habeas petitions related to his conviction, or motions seeking a reduction in his sentence.

The Court ORDERS that David W. Lanier, BOP inmate registration number 13784–076, file no further documents in this case. The Clerk shall not accept any other documents for filing in this action. Any further documents submitted in this case shall be returned to the prisoner. Lanier must first seek authorization to file a successive application by filing his motion with the Sixth Circuit Court of Appeals.

The Court further ORDERS that Lanier file no further motions to vacate in this district attacking his conviction. He shall also not file any further motions that attack the imposition, as opposed to the execution, of his sentence. If Lanier files any further documents related to the execution of his sentence or attacking his conviction, he must enclose a motion seeking permission to file and an affidavit attesting that the complaint does not seek to invalidate the above federal conviction or sentence. The attestation shall be completed in accordance with 28 U.S.C. § 1746. The petition itself must be filed on the appropriate form available from the Clerk of Court. Lanier shall not attach any brief, memorandum of law, copy of a case or statute, list of citations, or any other supporting legal materials.

The Court will return without filing any new filings from Lanier that do not comply with this order. The Clerk of Court is ORDERED not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case submitted by this defendant unless specifically directed to do so by a district judge or magistrate judge of this district. If Lanier submits documents that do not comply with this order, the Court may also impose appropriate sanctions, including a monetary fine.

Moreover, any case submitted by this defendant to another Court that is thereafter removed or transferred to this district will result in the same sanctions as if it had been filed here.