**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John E. SANDLES, Defendant–Appellant.**

**Nos. 02–2466, 02–2492, 02–2502.**

United States Court of Appeals, Sixth Circuit.

June 25, 2003.

Before KENNEDY, DAUGHTREY, and ROGERS, Circuit Judges.

*ORDER*

The defendant appeals the conviction and sentence imposed pursuant to a jury verdict finding him guilty on a charge of bank robbery in district court case no. 00–CR–80590 and the conviction and sentence imposed pursuant to his plea of guilty to a charge of violating the conditions of his supervised release in district court case no. 00–CR–80280. The appeals are docketed as case nos. 02–2466 and 02–2492 and have been consolidated. The defendant now moves for release on bail pending disposition of his appeals in case nos. 02–2466/2492. The district court denied a similar motion at sentencing in case no. 00–CR–80590, and the defendant has filed a notice of appeal from that denial and a motion for release. That appeal is docketed as case no. 02–2502. The government opposes the defendant's release. We unanimously agree that the facts and legal arguments are adequately presented and that the decisional process would not be significantly aided by oral argument. See Fed. R.App. P. 9(b); 34(a).

To establish entitlement to release pending appeal, a person found guilty of an offense and sentenced to a term of imprisonment must show 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Pollard,* 778 F.2d 1177, 1181 (6th Cir.1985). This statute creates a presumption against release

pending appeal. *United States v. Vance,* 851 F.2d 166, 168–69 (6th Cir.), *cert. denied,* 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 220 (1988).

The defendant is subject to the mandatory detention provision in 18 U.S.C. § 3143(b)(2). Therefore, he must meet not only the criteria for release established in § 3143(b)(1), but must also demonstrate exceptional reasons why his detention is not appropriate. 18 U.S.C. § 3145(c). *See United States v. Lanier,* 120 F.3d 640, 642 (6th Cir.1997) (en banc order) (Nelson, J. concurring). Upon review, we conclude that the defendant does not meet the threshold requirements for release in § 3143(b)(1), and has not demonstrated a "unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma,* 951 F.2d 494, 497 (2d Cir.1991).

The defendant's motion for release in case nos. 02–2466/2492 is DENIED. In Case No. 02–2502, the district court's order denying release pending appeal is AFFIRMED and the defendant's motion for release pending appeal is DENIED.