NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0702n.06
Filed: August 12, 2005

Case Nos. 03-4091, 03-4092, 03-4093

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| PIN YEN YANG, HWEI-CHEN SALLY | ) | DISTRICT OF OHIO |
| YANG and FOUR PILLARS ENTERPRISE | ) | |
| COMPANY, LTD., | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: GUY, BATCHELDER, and GIBSON*, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Defendants-Appellants Pin Yen Yang ("PY"),

his closely-held corporation, Four Pillars Enterprise Co., Ltd. ("Four Pillars"), and his daughter

Hwei-Chen Yang ("Sally") appeal their sentences following their convictions for conspiracy to steal

trade secrets. Because the Yangs are currently fugitives from justice we will, as more fully

explained below, dismiss their appeal unless they submit themselves to the custody of the United

States Marshal. Because Four Pillars's sentence was imposed in violation of its Sixth Amendment

rights, *see United States v. Booker*, 125 S. Ct. 738 (2005), we will VACATE its sentence and

REMAND for resentencing.

Following their convictions for attempting to receive, and conspiring to steal, trade secrets

---

*The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

in violation of 18 U.S.C. § 1832(a)(4)-(5), the district court initially sentenced P.Y. to two years' probation with a condition of six months' home confinement and a fine of $250,000 and sentenced Sally to one year's probation and a fine of $5,000. The district court sentenced Four Pillars to pay a fine of $5 million dollars. After the Yangs and Four Pillars appealed, this court affirmed their convictions, vacated their sentences, and remanded for resentencing. *See United States v. Yang*, 281 F.3d 534 (6th Cir. 2002). The Yangs, however, were out of the country when their resentencing hearing was held on July 25, 2003, having fled to Taiwan shortly after their initial sentences were imposed.[1] The district court resentenced P.Y., Sally, and Four Pillars in absentia and issued a bench warrant for the Yangs' arrest. As of the date of filing of this opinion, the Yangs remain fugitives.

P.Y. and Sally appeal various aspects of the sentences that the district court imposed on July 25, 2003. In response, the United States has filed a motion to dismiss the Yangs' appeal under the fugitive disentitlement doctrine because they remain outside of the country despite the district court's having issued a warrant for their arrest. "The fugitive disentitlement doctrine limits access to courts in the United States by a fugitive who has fled a criminal conviction in a court in the United States. The doctrine is long-established in the federal and state courts, trial and appellate." *Prevot v. Prevot*, 59 F.3d 556, 562 (6th Cir. 1995). Though a fugitive's status "does not strip the case of its character as an adjudicable case or controversy . . . it disentitles the defendant to call upon the resources of the Court for determination of his claims." *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970).

The Sixth Circuit has not hesitated to apply the doctrine of fugitive disentitlement to dismiss the direct appeals of defendants who fled the jurisdiction during the appeal process and remained

---

[1]Taiwan, which is nominally a part of the People's Republic of China, has no extradition treaty with the United States.

at large.  *See e.g., United States v. Lanier*, 123 F.3d 945, 946 (6th Cir. 1997) (en banc).  The Yangs remain outside of the district court's jurisdiction despite the issuance of a bench warrant.  Therefore, unless they submit themselves to the custody of the United States Marshal for the Northern District of Ohio within thirty days of the filing date of this order, we will dismiss their appeals with prejudice and the mandate shall issue at that time.

On February 2, 2004, a motions panel of this court held that Four Pillars, as a corporate defendant, is not subject to dismissal under the fugitive disentitlement doctrine.  Accordingly, we proceed to the merits of Four Pillars's appeal.

Four Pillars argues that the district court violated its Sixth Amendment rights under *Booker* by applying upward departures based on judge-found facts.  We must first decide whether the Sixth Amendment right to a trial by jury applies to corporations and we begin our analysis with the observation that nothing in the text of the Amendment, which provides that "the *accused* shall enjoy the right to a speedy and public trial," limits the right to a trial by jury to natural persons.  U.S. CONST. amend. VI (emphasis added).  Though the Supreme Court has provided little guidance on the Sixth Amendment's applicability to corporations and business associations, *see Muniz v. Hoffman*, 422 U.S. 454, 476-77 (1975), three courts of appeals, including our own, have held that the Sixth Amendment guarantees a business association the right to a trial by jury in "serious" criminal contempt cases.  *United States v. R.L. Polk & Co*., 438 F.2d 377, 379 (6th Cir. 1971) (recognizing the "fundamental principle that corporations enjoy the same rights as individuals to trial by jury . . . ."); *United States v. Twentieth Century Fox Film Corp*., 882 F.2d 656, 663 (2d Cir. 1989); *United States v. Troxler Hosiery Co*., 681 F.2d 934, 935 n.1 (4th Cir. 1982) ("[a] corporation does not have the same right not to incriminate itself as does a natural person, but it does enjoy the

3

same rights as an individual to a trial by jury"). In light of these precedents, we conclude that Four

Pillars's status as a corporation does not render the Sixth Amendment inapplicable.

The Sixth Amendment's guarantee of a jury trial is limited to "serious" offenses. *Baldwin v. New York*, 399 U.S. 66, 68-69 (1970). "Petty" criminal offenses may be tried without a jury. *Taylor v. Hayes*, 418 U.S. 488, 495 (1974). The penalty actually imposed is "the best evidence of the seriousness of the offense." *Bloom v. Illinois*, 391 U.S. 194, 211 (1968). Though a fine alone can trigger the Sixth Amendment right to a jury trial, *see International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 838 n. 5 (1994), it is unclear how expensive the fine must be to pull this trigger. Relying on 18 U.S.C. § 1, which defines "petty" offenses, this court in *R.L. Polk* held that any fine in excess of $500 imposed on a corporation is sufficiently "serious" to implicate the Sixth Amendment. But in *TWM Mfg. Co., Inc. v. Dura Corp*., 722 F.2d 1261, 1272 n. 11 (6th Cir. 1983), we stated that *R.L. Polk*'s reasoning was eclipsed by *Muniz*, which did not employ a bright line rule and instead held that a $10,000 fine on a labor union with 13,000 members did not require a trial by jury. *Muniz*, 422 U.S. at 477. The *TWM* court suggested that the $10,000 fine imposed on the corporation did not trigger the right to a trial by jury. The Second Circuit, on the other hand, has established a bright line rule guaranteeing a corporation the right to a jury trial in criminal contempt cases that expose the corporation to $100,000 or more in fines, regardless of the corporation's ability to pay. *Twentieth Century Fox*, 882 F.2d at 663.

We have no occasion to define precisely the standard against which to judge the seriousness of a fine imposed on a corporation because, under any measure, the $2 million fine imposed on Four Pillars after this court's remand is stringent enough to implicate the right to trial by jury. Four Pillars is a closely held corporation with $2,175,979 in assets and liabilities of $2,625,145. A $2

4

million fine would be more than 20 times greater than the $91,677 net profit that Four Pillars made in fiscal year 1998. Accordingly, we hold that Four Pillars may invoke the Sixth Amendment right to trial by jury.

In a letter brief Four Pillars argues, citing *Booker*, 125 S. Ct. at 756, (holding that the mandatory federal sentencing guidelines violated the Sixth Amendment by requiring judges to enhance the sentences of defendants based on facts not found by a jury or admitted by the defendant) that the district court violated its Sixth Amendment rights by enhancing its sentence based on judge-found facts. It is undisputed that, pursuant to the mandatory federal sentencing guidelines in place at the time, the district court enhanced Four Pillars's sentence based on the court's factual finding that Four Pillars's criminal acts caused over $800,000 in loss. *See* U.S.S.G. § 2B1.1(b)(1). Since Four Pillars failed to make a Sixth Amendment objection at sentencing, however, we conduct plain error review to determine if it must be resentenced. Under that test, there must be (1) error, (2) that is plain, (3) and that affects substantial rights. *United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005). If these three conditions are met, an appellate court may then exercise its discretion to notice the forfeited error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Four Pillars's sentence in violation of the Sixth Amendment constitutes error that is plain. *Id.* at 378-79. Moreover, according to *Oliver*, a sentence enhancement based on judge-found facts under a mandatory guidelines system necessarily affects Four Pillars's substantial rights.[2] *Id.* at 379-

---

[2]Speaking only for myself, I note my disagreement with *Oliver*'s unwarranted departure from traditional plain error review. Despite purporting to apply plain error review, *Oliver* fails even to discuss, much less enforce, the defendant's traditional burden of proving that the district court's error prejudiced him. *Oliver* reasoned that since the defendant received a sentence "beyond that which was supported by the jury verdict and [his] criminal history," he was necessarily prejudiced because he "*arguably* received a sentence that was longer than his sentence would have been absent a Sixth Amendment violation." *Oliver*, 397 F.3d at 379-80 (emphasis added). "Arguably" is not

5

80. Finally, *Oliver* dictates that any sentencing error that leads to a violation of the Sixth Amendment automatically diminishes the integrity and reputation of the judicial system. *Id.* at 380. Therefore, we **VACATE** Four Pillars's sentence and **REMAND** for resentencing.

---

enough, however.  Under the ordinary plain error review that *Booker* requires, 125 S. Ct. at 769, a defendant bears the burden of proving that he was prejudiced by the error, *United States v. Olano*, 507 U.S. 725, 734 (1993):  i.e., that absent that error, he would more likely than not have received a lower sentence.  By simply ignoring this requirement, *Oliver* effectively holds that every Sixth Amendment violation in a *Booker*-type case automatically prejudices a defendant, a holding that does not comport with Supreme Court precedent.